UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

American Home Mortgage Acceptance, Inc.,
a Maryland Corporation,

      Plaintiff,

v.                                      Case No. 06-10498

The Appraisal Place, Inc., a Michigan Corporation,      Honorable Sean F. Cox
State Appraisals, Inc., a Michigan Corporation,
Pamela Siira, and James Boudreau,

      Defendants.

_____/

## OPINION & ORDER

Plaintiff brought suit against Defendants in this action alleging negligence relating to two real estate appraisals.  After Defendants filed a Notice of Non-Party Fault, pursuant to M.C.L. §§600.2957 & 600.2959, identifying eight individuals to whom they contend fault should be allocated, Plaintiff filed a Motion to Strike the Notice of Non-Party Fault.  The motion was referred to Magistrate Judge Steven Pepe pursuant to 28 U.S.C. §636(b)(1)(A).  On October 6, 2006, Magistrate Judge Pepe entered an Order granting Plaintiff's Motion ("the October 6, 2006 Order").  The matter is currently before the Court on Defendants' Objections to the October 6, 2006 Order, in which Defendants ask the Court to vacate or modify that order.  The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process.  *See* Local Rule 7.1(e)(2), U.S. District Court, Eastern District of Michigan.  The Court therefore orders that the motion will be decided upon the briefs.  For the reasons set forth below, the Court shall overrule Defendants' objections and

1

deny Defendants' request for modification of the October 6, 2006 Order.

BACKGROUND

On February 6, 2006, Plaintiff American Home Mortgage Acceptance, Inc. ("Plaintiff") brought suit against the Appraisal Place, Inc. ("Appraisal Place"), Pamela Siira ("Sirra"), State Appraisals, Inc. ("State Appraisals"), and James Boudreau ("Boudreau"). Plaintiff's Complaint alleges that in December, 2004, it made a $1,852,500.00 loan ("the Loan") to an individual named Marcus Lewis and the loan was secured by a mortgage on a residential property located at 32450 Rockridge, Farmington Hills, Michigan ("the Property"). (Compl. at ¶ 8).

Plaintiff further alleges that in connection with the Loan, State Appraisals issued an appraisal of the Property dated November 8, 2004 ("the Initial Appraisal.) *(Id*. at ¶ 9). The Initial Appraisal, signed by Boudreau as the primary appraiser, estimated the value of the Property at $2,850,000.00. (Compl. at ¶11).

Plaintiff then obtained a second appraisal of the Property, dated November 11, 2004, by Appraisal Place ("the Second Appraisal"). (*Id*. at ¶¶ 12-13). The Second Appraisal, signed by Siira as the primary appraiser, estimated the market value of the Property at $2,900,000.00. (*Id*. at ¶ 15).

Plaintiff alleges that Lewis defaulted on the Loan and that, as of January, 2006, the approximate unpaid balance of the Loan is $1,851,000.00. *(Id*. at 17). It alleges that the Property has been reappraised and that the Initial and Second Appraisals each overstated the fair market value of the Property by more than one million dollars, and that the value of its security interest in the Property is therefore not sufficient to satisfy the unpaid balance of the Loan. (*Id.* at ¶¶ 17 & 18).

On June 21, 2006, Defendants Boudreau and State Appraisals filed a Notice of Non-Party Fault [Docket Entry No. 13], in which they identified eight individuals, all non-parties to this action, who "may be wholly or partially at fault for the incidents, occurrences and damages claimed in Plaintiff's Complaint." (*Id.* at 2). The Notice asserts that:

1) Jeff Shelley, an underwriter who coordinated the mortgage transaction, may have negligently failed to perform a proper and full investigation regarding Lewis;

2) Robert Hance introduced Boudreau to Hogan with the knowledge that Hogan was involved in a fraudulent scheme relating to the Property;

3) Tyrone Hogan ordered the appraisal from Boudreau and State Appraisals and in ordering it, may have had knowledge of a fraudulent scheme relating to the Property;

4) Lewis may have applied for the mortgage with the intent to commit fraud;

5) Kevin Carter submitted a letter verifying the employment of Lewis and may have done so with knowledge of a fraudulent scheme;

6) Darryl Wesley Clements submitted a letter verifying the rental history of Lewis and may have done so with knowledge of a fraudulent scheme; and

7) two unknown individuals, employees of American Home or Fifth Third Bank, may have negligently failed to perform a full and proper investigation regarding Lewis or may have been involved in a fraudulent scheme relating to the Property.

(*Id.*).

On July 20, 2006, Plaintiff filed a motion seeking to strike the Notice of Non-Party Fault [Docket Entry No. 17]. The motion was referred to Magistrate Judge Steven Pepe pursuant to 28 U.S.C. §636(b)(1)(A), who held a hearing on September 14, 2006. Thereafter, Magistrate Judge Pepe issued his October 6, 2006 Order granting Plaintiff's motion and striking the Notice of Non-Party Fault.

The October 6, 2006 Order expressly advised the parties that any objections to the Order

3

are required to be filed within 10 days of service of the Order, and must specify the part of the

Order to which the party objects and the basis for its objection.  *See* 28 U.S.C. §636(b)(1) and

Rule 72.1(d)(2) of the Local Rules for the Eastern District of Michigan.

On October 16, 2006, Boudreau and State Appraisals filed timely "Objections to Order

Granting Plaintiff's Motion to Strike Notice of Non-Party Fault" [Docket Entry No. 41].

Siira and the Appraisal Place did not file any objections within the time permitted.

In addition, on October 25, 2006, Boudreau and State Appraisals also filed a

supplemental brief in support of their objections [Docket Entry No. 47].   Plaintiff also filed a

brief on October 25, 2006, asserting that the October 2, 2006 Order should be affirmed without

modification.

Standard of Decision

A district court judge may designate a magistrate judge to hear and determine pretrial

matters pursuant to 28 U.S.C. §636(b)(1).  When a magistrate judge hears and determines a non-

dispositive motion (*i.e.*, one that is not enumerated in §636(b)(1)(A)), the district judge to whom

the case is assigned may reconsider the order addressing that motion "where it has been shown

that the magistrate judge's order is clearly erroneous or contrary to law." *Id*.; *see also* FED. R.

CIV. P. 72.  In the October 6, 2006 Order, Magistrate Judge Pepe stated that because the Order

directly involves a question of law, he recommends the district court review it *de novo*.  (10/6/06

Order at 13).

ANALYSIS

In their October 16, 2006 objections, Defendants Boudreau and State Appraisal

(hereinafter "Defendants") assert that the October 6, 2006 Order "acknowledges, in footnote 5

4

and on page 11 that '[D]efendants are entitled under the statutory provisions for comparative fault, to seek an apportionment of fault for the alleged liability concerning the [alleged] inaccurate appraisal of the Property, but not for any alleged non-party wrongdoing that contributed to Mr. Lewis obtaining the loan or that contributed to his default thereon.'" (10/16/06 Objections at ¶ 1).  Defendants state that they assume that conclusion "is limited to Defendants being entitled to seek an apportionment of fault against the Plaintiff in this matter.  However, using Magistrate [Judge] Pepe's analysis, Defendants should be entitled, under the statutory provisions regarding Non-Fault, to seek an apportionment of fault for the alleged liability concerning the alleged inaccurate appraisal of the Property against non-parties, as well as Plaintiffs."  (*Id.* at ¶¶ 2-3).  Thus, Defendants challenge Magistrate Judge Pepe's overall conclusion that Defendants' Notice of Non-Party Fault must be stricken under *Holton v. A+Ins. Assocs.*, *Inc.*, 255 Mich. App. 318 (2003).

After reviewing the issue *de novo*, however, the Court concurs with  Magistrate Judge Pepe's reasoning and conclusions.

As part of its tort reform legislation, the Michigan Legislature generally[1] abolished joint and several liability and replaced it with "fair share liability."  *Smiley v. Corrigan*, 248 Mich. App. 51, 55 (2002).  The significance of this change is that each tortfeasor will pay only that portion of the total damage award that reflects that tortfeasor's percentage of fault.  *Id.* "Accordingly, if the factfinder concludes that a defendant is ten percent at fault for a plaintiff's injuries and awards the plaintiff $100,000 in damages, the defendant will be responsible only for $10,000, not the entire damage award, as would have been the case under the former joint and

---

[1]There are limited exceptions that do not apply to this case.

5

several liability system." *Id.*

Under the new fair share liability system, the trier of fact must consider the fault of each

person who allegedly contributed to the tort, not only those who are parties to the litigation:

> In an action based on tort or another legal theory seeking damages for personal
> injury, property damage, or wrongful death, the liability of each person shall be
> allocated under this section by the trier of fact and, subject to section 6304, in
> direct proportion to the person's percentage of fault.  In assessing percentages of
> fault under this subjection, the trier of fact shall consider the fault of each person,
> regardless of whether the person is, or could have been, named as a party to the
> action.

M.C.L. §600.2957.  The fault of a nonparty cannot be considered unless the defendant gives

notice as provided in M.C.R. 2.112(K).  That rule provides that a "party against whom a claim is

asserted may give notice of a claim that a nonparty is wholly or partially at fault." *Id*.

Here, Defendants filed a Notice of Non-Party Fault that seeks to attribute fault to eight

individuals.  The notice asserts that each of those eight individuals was involved with the

application or approval process relating to the granting of the Lewis Mortgage.  The notice does

not assert that any of the identified individuals played any role with respect to the performance of

the appraisals at issue in this action.

The Court agrees that the Notice of Non-Party Fault must be stricken under *Holton.*

In *Holton,* plaintiffs filed suit to recover a shortfall in insurance proceeds after a house

fire, claiming that defendants negligently failed to procure adequate homeowner's insurance to

cover their home.  After plaintiffs remodeled their home and had a new roof installed they

contacted the defendant insurance agent to increase their coverage.  After the remodeling,

plaintiffs encountered water leaks in the roof from ice dams and placed an electric heater on the

roof to melt the ice dams.  The roof caught fire and the damage sustained exceeded the amount of

6

plaintiffs' insurance coverage.  Plaintiffs filed suit against the insurance company after it refused to compensate plaintiffs for the shortfall.   The insurance company claimed the damages were due to either defective construction of the roof or plaintiffs' negligence in placing a heater on the roof and filed a notice of non-party fault identifying the construction company and plaintiffs as being wholly or partially responsible for plaintiffs' damages.  The trial court granted plaintiffs' motion to strike the notice of non-party fault and the Michigan Court of Appeals affirmed.

The court concluded that under the circumstances presented, allocation of fault for the underlying conduct (*i.e.*, the fire) does not apply to plaintiffs' action to recover a shortfall in insurance proceeds and therefore the notice of non-party fault was improper.  The court explained that a "proper application of comparative fault does not permit an allocation of fault for causing the fire, which is merely the underlying basis of the insurance claim against defendants." *Id*. at 324.  The court noted that "defense counsel characterized plaintiffs' action as one arising out of a fire, which is a property damage claim.  In our view, plaintiffs' action is more properly characterized as arising out of an insurance claim, or more specifically, an insurance property claim." *Id*. at 325.  "Stated simply, plaintiffs' claim is that their damages occurred because of inadequate insurance coverage, not because of the home fire.  Their action is premised on defendants' alleged liability for negligence resulting in the lack of proper insurance coverage.  Defendants have proffered no evidence showing that plaintiffs' or the contractor's alleged negligence in causing the fire is a factor in whether the resulting property damage would be covered under plaintiffs' homeowner's insurance, which defendants allegedly failed to provide.  That is, on the evidence before use, the cause of the fire is no more relevant in this case than it would be if it related to a purely accidental event, such as a lightning strike." *Id*. at 325-26.

7

The Court agrees that Defendants' Notice of Non-Party Fault is similar to the defective notice in *Holton*. Just as the plaintiffs in *Holton* sought to procure insurance to protect against fire loss, Plaintiff sought to protect itself from the financial risk of Lewis defaulting on the loan by securing the loan with sufficient collateral. Plaintiffs' claim that due to Defendants' negligence in appraising the Property at over one million dollars more than its true value, its security interest in the Property is not sufficient to satisfy the unpaid balance of the loan following Lewis's default.

Defendants would have the Court characterize Plaintiffs' claim as one seeking to recover damages for the default of the Lewis Loan. Plaintiff's claim, however, is more properly characterized as a negligent appraisal action. That is, Plaintiff's claim is that its damages occurred because, due to Defendants' negligent appraisals, the Lewis loan is under-secured. Plaintiff therefore seeks to hold Defendants liable for the difference between the sale price of the Property and the allegedly over-stated value that Defendants provided in their appraisals. Thus, the cause of the underlying default by Lewis is no more relevant in this case than it would be if it related to a purely accidental event, such as a default due to unemployment or illness.

In addition, as explained in the October 6, 2006 Order, allowing Defendants' Notice of Non-Party Fault to stand would conflict with the principles of Michigan's comparative negligence system.

Accordingly, the Court agrees that Defendants' Notice of Non-Party Fault must be stricken under *Holton*. The Court therefore overrules Defendants' Objections to the October 6, 2006 Order and declines to modify the Order.

The Court notes that in Defendants' October 25, 2006 Brief, they assert that they should

8

be permitted to attribute fault to third-parties who provided inaccurate information that
Defendants used in preparing their appraisal reports.  Specifically, Defendants assert that third
parties Hance and/or Hogan may have provided Defendant Boudreau with false information that
the borrower was going to make a one million dollar down payment on the Property.  As Plaintiff
notes, however, such assertions were never made in Defendants' Notice of Non-Party Fault.
Moreover, the Court believes that Magistrate Judge Pepe properly rejected the argument that the
amount of a purchaser's down payment would be a proper factor in the valuation of a property
such that liability could be imposed on a third-party:

> At the hearing on this matter, Defendants assert that the value placed on
> the Property by the purchaser was a significant factor in making the appraisal.
> Yet, it is precisely to protect against an over-optimistic, an over-enthusiastic, a
> naive, or even a fraudulent purchaser's contract price on a property that lenders
> need to rely on independent appraisals based primarily on prior sales of
> comparable properties.
>
> While Defendants, if they chose, can introduce and stress the price Lewis
> paid if they think that their reliance on this will negate their asserted negligence,
> that reliance by the appraiser (if actual and not contrived) does not make a
> purchaser a third party at fault as might be the case if a purchaser or other
> individual covered up flaws in the property or interfered with the appraiser's
> inspection of it.

(10/6/06 Order at 12 n.6).

## CONCLUSION & ORDER

For the reasons set forth above, the Court **OVERRULES** Defendants' Objections to the
October 6, 2006 Order and **DENIES** Defendants' request for modification of that Order.

**IT IS SO ORDERED.**

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  February 21, 2007

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 21, 2007, by electronic and/or ordinary mail.

S/Jennifer Hernandez
Case Manager

10